United States District Court
Southern District of Texas

**ENTERED**

March 16, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| VINCENT A. ALI, | § | CIVIL ACTION NUMBER |
| Plaintiff, | § | 4:24-cv-03629 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| WALEED SHAMSCID-DEEN | § | |
| and QLMA RESTAURANT | § | |
| HOLDINGS, LLC, | § | |
| Defendants. | § | |

**ORDER ADOPTING
MEMORANDA AND RECOMMENDATIONS**

Plaintiff Vincent A. Ali proceeds here *pro se*. He sues Defendants Waleed Shamscid-Deen and QLMA Restaurant Holdings, LLC. He has filed multiple amended complaints in this action. See Dkts 12, 17, 25, & 26. The live complaint brings claims for fraud, to recover on an unspecified "loan from daughter," and for a stress-induced heart condition. Dkt 26 at 2.

The matter was referred for disposition to Magistrate Judge Yvonne Ho. Dkt 6. Plaintiff filed a motion for default judgment. Dkt 20. Judge Ho entered a Memorandum and Recommendation recommending that the motion be denied because it was procedurally faulty, lacked sufficient factual support, and Plaintiff's requested damages were unrecoverable. Dkt 21 at 6–10. She further ordered that Plaintiff would be given one last opportunity to file an amended complaint. Id at 10.

Plaintiff filed the live complaint and again moved for default judgment. See Dkts 26 & 28 (motion). Judge Ho entered another Memorandum and Recommendation

recommending that the motion be denied and this suit dismissed with prejudice. Dkt 29 at 12–13. She specifically noted that Plaintiff's "pleading remains woefully insufficient" for default judgment. Id at 10. And she recommended dismissal with prejudice given absence of any indication that Plaintiff could plead a cognizable claim if allowed another opportunity to amend. Id at 12.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc*); see also FRCP 72(b) advisory committee note (1983).

No party filed objections. No clear error appears upon review and consideration of the Memoranda and Recommendations, the record, and the applicable law.

The Memoranda and Recommendations of the Magistrate Judge are ADOPTED as the Memorandum and Order of this Court. Dkts 21 & 29.

It is noted that Plaintiff filed a motion to disqualify Judge Ho on grounds of racial and religious prejudice. See Dkt 30; see also Dkt 31 (related letter). It was denied for failing to state any evidence of any actual bias. Dkt 32. The undersigned finds that motion was properly denied and that, as noted in the order, recourse was by way of objections and appeal. Id at 2. Thus, even if construed as an objection to the prior Memoranda and Recommendations, it is OVERRULED. Dkt 30.

The motions by Plaintiff Vincent A. Ali for default judgment are DENIED. Dkts 20 & 28.

A final judgment dismissing this action with prejudice will enter separately.

SO ORDERED.

Signed on March 10, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge